NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 15, 2012[*]
Decided March 14, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2081

| | |
|---|---|
| CRAIG LEE MILLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 11-C-309 |
| | |
| KENNETH MORGAN, | William C. Griesbach, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Back in 2002, Craig Miller, a Wisconsin inmate, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. His prison warden at the time, Kenneth Morgan, was the named respondent. Miller contended that his convictions for battery, false imprisonment, and other crimes violate his constitutional rights. The state moved to dismiss the petition as untimely, *see id.* § 2244(d)(1), and the district court granted the motion. Miller's request for a certificate

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

of appealability was denied. Miller then challenged the dismissal of his petition in a series of frivolous motions and a federal civil-rights action against the State of Wisconsin. *See Miller v. Wisconsin*, 308 F. App'x 1, 2 (7th Cir. 2008); *Miller v. Morgan*, No. 02-cv-0096-bbc, 2009 WL 426233, at *1 (W.D. Wis. Feb. 19, 2009); *Miller v. Morgan*, No. 02-cv-0096-jcs, 2008 WL 4300925, at *1 (W.D. Wis. Sept. 17, 2008); *Miller v. Morgan,* 04-C-1137, 2005 WL 1364507, at *3 (E.D. Wis. June 7, 2005). For his litigiousness Miller "struck out" under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g). *Miller*, 308 F. App'x at 2.

In March 2011, Miller tried again. He initiated this action under 42 U.S.C. § 1983 claiming that Morgan, as the named respondent in his § 2254 petition, violated his constitutional rights back in 2002 when the state's lawyers moved to dismiss that petition as untimely instead of addressing the merits. Miller seeks $8 billion in damages. The district court dismissed the lawsuit at screening as frivolous, *see* 28 U.S.C. § 1915A, explaining that an appeal, not a federal civil-rights lawsuit, is the means of challenging an adverse decision in a § 2254 matter. The court added that untimeliness is a valid ground for dismissing a petition for a writ of habeas corpus.

On appeal Miller challenges the dismissal of his lawsuit. To have a claim for damages under § 1983, Miller must allege that Morgan, the only named defendant, was "personally responsible" for the alleged deprivation of his constitutional rights. *See Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006); *Palmer v. Marion County*, 327 F.3d 588, 593–94 (7th Cir. 2003). He does not. Morgan was his custodian, not an active participant in the § 2254 litigation. Thus, even if it was conceivable that a motion to dismiss Miller's petition on the grounds of untimeliness could give rise to a § 1983 claim, Miller's lawsuit fails to state a claim.

The judgment is **AFFIRMED**. Miller is **ORDERED** to show cause why he should not be sanctioned for filing a frivolous appeal. *See* Fed. R. App. P. 38. The response is due within 14 days of the date of this order.